```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF ARKANSAS
                    WESTERN DIVISION
```

Kim Loftin,                            )
                                       )
            Plaintiff,                 )
                                       )      Case No. 4:07-cv-564
     VS.                               )
                                       )
United Parcel Service, Inc.            )
                                       )
            Defendant.                 )

### Amended Memorandum Opinion and Order

On January 5, 2009, the Court issued an order granting in part and denying in part the defendant's motion for summary judgment (doc. #53). In particular, the Court granted summary judgment on the plaintiff's ADA and related state law claims. However, the plaintiff's ADA retaliation claim was not specifically addressed in the order. The Court now **GRANTS** UPS's Motion for Summary Judgment on Loftin's ADA retaliation claim for the reasons set forth below.

To establish a prima facie case of retaliation, Loftin must demonstrate (1) he engaged in statutorily protected activity; (2) he suffered an adverse employment action, and (3) a causal connection exists between the protected activity and the adverse employment action. Thomas v. Corwin, 483 F.3d 516, 530 (8th Cir. 2007). Loftin claims his September 28, 2006 letter requesting transfer was an accommodation request, and was thus protected

1

activity. Furthermore, UPS's termination of his employment served as an adverse employment action. Finally, Loftin asserts that the close proximity between his request for a transfer and the termination, in conjunction with his medical treatment, establishes a causal connection under the third element.

Loftin correctly asserts that his retaliation claim is to be analyzed separately from his underlying discrimination claim. Wallace v. DTG Operations, Inc., 442 F.3d 1112, 1118 (8th Cir. 2006) ("[A]s long as a plaintiff had a reasonable, good faith belief that there were grounds for a claim of discrimination or harassment, the success or failure of a retaliation claim is analytically divorced from the merits of the underlying discrimination or harassment claim."). However, assuming that Loftin can meet the first two elements, his claim still fails because he cannot demonstrate a causal connection between the protected activity and the retaliatory conduct.

In order to establish a causal connection, Loftin "must demonstrate the defendants' retaliatory motive played a part in the adverse employment action." Thomas, 483 F.3d at 531. While an inference of causation may be drawn from the timing between the two events, "in general more than a temporal connection is required to present a genuine factual issue on retaliation." Id. In this case, Loftin relies on the "close proximity" between his request for a transfer on September 28, 2006 and his termination

on December 1, 2006.  The Court does not find this temporal connection, standing alone, to be sufficient to establish causation.  See <u>Trammel v. Simmons First Bank of Searcy</u>, 345 F.3d 611, 616 (8th Cir. 2003) ("[W]e conclude that the time interval of more than two months is too long to support an inference of causation"); <u>Kipp v. Missouri Highway and Transp. Com'n</u>, 280 F.3d 893, 897 (8th Cir. 2002) (holding that the interval of two months between a complaint and termination diluted any inference of causation).

Loftin's other evidence is also insufficient to establish causation.  First, UPS's acknowledgment of his "serious health condition" for purposes of his FMLA leave does not establish retaliatory motive under an ADA retaliation claim.  Similarly, his concurrent medical treatment with Dr. Leslie during his FMLA leave period does not establish any retaliatory motive by UPS under the ADA.  These events may help to show that Loftin believed he was disabled, but they do not show a retaliatory motive of UPS sufficient to establish a causal connection.  Accordingly, the Court GRANTS UPS's Motion for Summary Judgment on Loftin's retaliation claim under the ADA.

**IT IS SO ORDERED.**

Dated this 15th day of January, 2009.

RODNEY S. WEBB, District Judge
United States District Court